IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY LEE WEAVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-002 |
| | ) | (Formerly CR 114-030) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Johnny Lee Weaver filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, as well as a motion to add a claim to his original motion. The Court **DIRECTS** the **CLERK** to update Petitioner's name in accordance with the caption, which is consistent with the name under which Petitioner was convicted. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice, the motion to add a second claim be **DENIED AS MOOT**, (doc. no. 2), and this civil action be **CLOSED**.

**I.   BACKGROUND**

On March 5, 2014, a grand jury in the Southern District of Georgia indicted Petitioner and two co-defendants on multiple charges related to robbing a commercial business, including using firearms during the commission of a violent crime, using, carrying, and

brandishing a firearm during a crime of violence, and possession of a firearm by a convicted felon. United States v. Weaver, CR 114-030, doc. no. 1 (S.D. Ga. Mar. 5, 2014). A jury convicted Petitioner on five charges, and Chief United States District Judge J. Randal Hall sentenced Petitioner to 360 months imprisonment. Id., doc. no. 110.

Petitioner, through court-appointed counsel, David M. Stewart, filed a notice of appeal on December 6, 2014. Id., doc. no. 111. Following a stay of the briefing schedule and extended supplemental briefing, that appeal currently pends before the Eleventh Circuit Court of Appeals. United States v. Weaver, No. 14-15463-FF (11th Cir. Dec. 8, 2014). Dissatisfied with the performance of counsel and, apparently, the progress of his appeal, Petitioner filed the instant § 2255 motion, docketed January 7, 2019, raising an ineffective assistance of counsel claim against Mr. Stewart based on his advice regarding a plea agreement. (Doc. no. 1.) Petitioner concedes his appeal is pending but "warns" the Court not to dismiss his § 2255 motion. (Id. at 21.) Petitioner subsequently filed a motion to add a second ineffective assistance claim based on an allegedly improper jury charge. (Doc. no. 2.)

## II.   DISCUSSION

"[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." United States v. Casaran–Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) (collecting cases supporting dismissal of § 2255 motions as premature while direct appeal pending); see also United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending."), *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990) (*per curiam*).

Because Petitioner's direct appeal is currently pending before the Eleventh Circuit, and a review of his § 2255 motion reveals no extraordinary circumstances warranting immediate review, Petitioner's § 2255 motion is premature and should be dismissed without prejudice. The motion to add a second claim should be denied as moot. (Doc. no. 2.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice, the motion to add a second claim be **DENIED AS MOOT**, (doc. no. 2), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of January, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA